HENRY B. BROWN *et al. v.* WILLIAM KIMBALL.

*Error from Bourbon County.*

Where K. brought action against B. and F., in Bourbon county, for false imprisonment, done in Cherokee county, the summons having been served on B. in Bourbon and on F. in Cherokee county, which was, at the time of the service, attached to Bourbon county for judicial purposes, on motion by B., who alone answered, in arrest of judgment rendered on a verdict against both defendants, it was

*Held,* that the act of Feb. 26th, 1867 [ch. 54, L. '67, p. 91, §§2, 3], in operation before the trial of the case, detaching Cherokee county from Bourbon, divested Bourbon county district court from all jurisdiction to render judgment, and transferred it to the court of Cherokee county, where the court of Bourbon county was ordered to transfer the case for trial.

A decision of incidental questions, not raised in the court below, *declined.*

The facts raising the points decided, are stated in the

opinion of the court. It may not be amiss further to state that the defendant below, Brown, served with summons in Bourbon county, answered, alleging that the act complained of was official on his part, as sheriff of Cherokee county, under authority of a writ of attachment, duly issued by defendant, Finn, sitting as probate court of said county. Finn, served with summons in Cherokee county, made default. A jury was empanneled, who found a joint verdict against both defendants. Defendant Brown moved an arrest of the judgment, which motion was overruled. On exceptions to the ruling on that motion, the case comes to this court for review.

*W. C. Webb*, for plaintiffs in error.

*M. V. Voss*, for defendant in error.

*Webb*, for plaintiffs, made the following points:

1. The cause of action set out arose in Cherokee county, and was for official acts of officers of that county, done under color of official authority. Such actions must be brought in the county where the cause of action arose. (*Civ. Code*, §54.) The answer was not replied to, and facts showing the action to be local, averred therein, should have forced the court to a declension further to entertain the case. The court had no jurisdiction, therefore, and the judgment is a nullity. 2 *Kans.*, 80.

2. Cherokee was never successfully attached to Bourbon for judicial purposes. The name of the county originally was McGhee. (*L.* '57, *p.* 37.) The county was originally erected Feb. 20th, 1857. (*Id.*) Nine

days before its creation it was attempted to be made a part of the third judicial district, and attached to Bourbon county. (*Act Feb.* 11, 1857, *p.* 7, §3.) The name was changed to Cherokee Feb. 18th, 1860 (*ch.* 30, *p.* 69), and detached from Bourbon; and in February, '60, again attached to Bourbon county (*ch.* 78, §4), which last act was repealed March 6th, 1862. (*Comp. L., p.* 82.) This cause of action arose in A. D. 1866, at which time the law remained unchanged.

3. No jurisdiction was had over Finn, and the judgment was joint against both defendants. They did not act jointly, but each in a distinct official capacity, and are not liable therefor. (2 *Hilliard Torts, ch.* 29, §§ 1, 2, 3; *ch.* 28, §§ 3, 3*a; ch.* 33, §§ 9, 9*b,* 10, 10*c,* 25; *Bard* v. *Yohn,* 26 *Pa. S.,* 482.) The case was transferred to Cherokee county by ch. 54, L. '67, § 2.

*Per Curiam,* SAFFORD, J.

The case of Kimball against Brown and Finn, the cause of action of which, it is conceded, arose in the county of Cherokee, was commenced in the district court of Bourbon county, upon the assumption that at the time of such commencement the county of Cherokee was attached to Bourbon for judicial purposes. Service of summons was had upon Brown in said Bourbon county, and he appeared and answered the petition of plaintiff, as for himself. Finn was served with a copy of the summons by the sheriff of Cherokee county, of which county the case shows he was a resident; but Finn failed to appear.

The case was proceeded with, in the county of Bourbon, to trial and final judgment against both of the defendants, at the July term of court, A. D. 1867.

But, previous to the rendition of the judgment, defendant Brown moved in arrest thereof, on the ground that the district court of Bourbon county had no jurisdiction to try said cause.

Such objection to the jurisdiction was based upon the provisions of chapter 54, laws of 1867, which were passed and went into effect a long time prior to the said trial, although subsequent to the commencement of the suit.

The first and second sections of chapter 54, referred to, read as follows:

"That the counties of Crawford and Cherokee are hereby detached, for judicial purposes, from the county of Bourbon. All cases pending in the district court of the county of Bourbon, the cause of action of which arose in the county of Crawford or Cherokee, or in which county the parties reside, are hereby transferred from the district court of Bourbon county to the district court of the counties of Crawford or Cherokee."

Section 3 provides for the transfer of the papers, transcripts of proceedings, collection of costs, &c.

It will be seen that by section 2 all cases like that of Kimball against Brown and Finn, the cause of action of which arose in Cherokee county, were absolutely transferred and taken away from the district court of Bourbon county, to the district court of Cherokee, to be there disposed of. Such is the effect of the language used, which could not well be more explicit.

It is plain, then, that after the taking effect of said chapter 54, laws of 1867, the district court of Bourbon county had no jurisdiction whatever to try the cause and render the judgment it assumed to do in this case. The motion in arrest should have been sustained, and no other action had in the premises, in said court,

except to carry out the transfer to the district court of Cherokee county.

The counsel for plaintiffs in error has raised the question as to whether or no this case was one which could have been brought at all in Bourbon county, and in support of the position that it could not legally have been so brought, urges that the cause of action is local in its character, and made triable in the county in which it arose, by section 54 of the code ; and further, that the assumption by the plaintiff below, that at the time of the commencement of the suit, and by the legislature at the passage of chapter 54, laws 1867, said Cherokee county was attached to Bourbon for judicial purposes, was in fact without foundation in law, and untrue.

These questions were not in any manner presented to the court below, and we shall not discuss them here ; but, without referring to the several other points made, which will not probably arise in the further progress of the case, shall rest the disposal of the case here upon the question of jurisdiction, as determined by the provisions of chapter 54, laws of 1867, above referred to.

Judgment reversed.

All the justices concurring.